﻿Citation Nr: 18900013
Decision Date: 09/18/18 Archive Date: 09/18/18

DOCKET NO. 180515-25
DATE: September 18, 2018
ORDER
Aid and attendance allowance for the Veteran’s spouse is granted.
FINDING OF FACT
The Veteran’s spouse, P.L., is not able to care for her daily needs and protect herself from the hazards incident to her environment.
CONCLUSION OF LAW
The criteria for spousal aid and attendance allowance are met. 38 U.S.C. §§ 1115; 38 C.F.R. §§ 3.351, 3.352.
REASONS AND BASES FOR FINDING AND CONCLUSION
The appellant is the Veteran who served on active duty from January 1968 to August 1970, and from August 1971 to September 1972. He is a recipient of the Purple Heart Medal. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in BEAAM, the Board of Veterans’ Appeals (Board) Early Applicability of Appeals Modernization research program. This decision has been written consistent with the new AMA framework.
Specifically, in his May 2018 Notice of Disagreement to the Board, the Veteran identified that he would like to appeal the April 2018 Agency of Original Jurisdiction decision which denied spousal aid and attendance. He elected the option of submitting additional evidence within the 90-day timeframe. At the same time, he submitted the supporting medical evidence and argument. 
Spousal Aid and Attendance
The Veteran is seeking additional compensation for spousal aid and attendance. He maintains that his spouse, P.L., is unable to care for herself as she is a paraplegic Veteran (nonservice-connected) with a neurogenic bladder and neurogenic bowel, requiring another’s assistance for personal waste removal. For the following reasons, the Board finds that spousal aid and attendance is warranted.
Under 38 C.F.R. § 3.351(a)(2), increased compensation is payable to a Veteran by reason of the Veteran’s spouse being in need of aid and attendance. The need for aid and attendance is defined as helplessness or being so nearly helpless as to require the regular aid and attendance of another person. 38 C.F.R. § 3.351(b). In relevant part, a Veteran or a Veteran’s spouse will be considered in need of regular aid and attendance if he or she can establish a factual need for aid and attendance under the various criteria set forth in § 3.352(a). The applicable criteria here is the “inability to attend to the wants of nature or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his or her daily environment.” 38 C.F.R. § 3.352(a). It is not required that all the disabling conditions enumerated in § 3.352(a) be found to exist before a favorable rating may be made.
The newly submitted evidence of P.L.’s VA treatment records from December 2016 and January 2017 show that she is a paraplegic who suffers from neurogenic bowel and bladder, which makes her unable to relieve her bladder and bowels without assistance (i.e., digital stimulation and catheter). P.L., like the Veteran, also uses a wheelchair daily for mobility. She has bilateral lower extremity paralysis due to a spinal cord injury and carpal tunnel syndrome in her hands.
The record also contains an April 2016 statement from P.L., which was submitted in support of the Veteran’s claim for a different benefit, that she is a paraplegic who can no longer assist in any part of her husband’s care. Her elderly mother has been called to their aid because P.L. cannot care for her husband or herself. 
Based on the evidence of record, to include P.L.’s credible reports regarding her condition, which have been fully supported by the medical reports, the Board finds that she requires care or assistance on a regular basis to include physical assistance with attending to the wants of nature and attending to various other activities of daily living. She also needs assistance on a regular basis to protect herself from the hazards or dangers incident to her daily environment. As such, special monthly compensation for the Veteran is warranted based on P.L. meeting the factual criteria for need of aid and attendance.
 
B.T. KNOPE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD J. Nichols, Counsel